

CASE NO.: 1:19cv494

(No Jury Demand)

| | |
|---|---|
| Tyrone Andrews<br>1009 Fifteenth Street<br>Siler City, North Carolina 27344<br><br>Plaintiff,<br><br>Verses,<br><br>Ms. Lynn J. Good, CEO<br>Duke Energy Corporation<br>350 South Tryon Street<br>Charlotte, North Carolina 28202,<br><br>Mr. Edward S. Finley, Jr. Chairman<br>N.C. Utilities Commission<br>(Division of NC Dept. Commerce)<br>430 North Salisbury Street<br>Dobbs Building<br>Raleigh, North Carolina 27603,<br><br>David G. McGinley, President<br>Grid One Solutions, LLC<br>708 Blair Mill Road<br>Willow Grove, PA 19090<br><br>AND<br><br>Josh Stein, Attorney General<br>North Carolina Department of Justice<br>114 West Edenton Street<br>Raleigh, North Carolina 27603 | CIVIL COMPLAINT /with attached/<br><br>**MOTION for PRELIMINARY INJUNCTION** |

MOTION FOR PRELIMINARY INJUNCTION and STATEMENT IN SUPPORT

Plaintiff Tyrone Andrews, a disabled veteran, moves the Court pursuant to Civ. R. 65, for a preliminary injunction requiring the defendants to forthwith reinstate or not to disconnect electric service, with appropriate modification in place, within their electric service program and rules, procedure, and policy governed by the State of North Carolina concerning implementation of electric service. Grounds for Motion are set forth:

Respectfully Submitted, this the 13th day of May 2019 by;

_____
Tyrone Andrews, Plaintiff
1009 Fifteenth Street
Siler City, North Carolina 27344
(910) 315-9035

STATEMENT IN SUPPORT FOR MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Tyrone Andrews brings this action pursuant to Title III of the Americans with Disabilities Act of 1990 42 U.S.C. 12180 et seq., Section 504 of the Rehabilitation Act of 1973, 29 USC 794, and parallel state law seeking declaratory and injunctive relief and damages. Plaintiff allege that defendants have denied Tyrone Andrews the full and equal enjoyments of the benefits of, and the opportunity to participate in, defendants' program concerning electrical service, solely on the basis of his disability.

Tyrone Andrews is a Marine veteran who has been diagnosed with several medical conditions including cancer. These conditions affect his ability to think, associate, and consider normal routines. Other characteristics often associated with his medical conditions depression, abnormal responses to everyday activities whether conscious or unconscious with stereotyped mannerisms and reactivity to environmental changes with daily activities. Tyrone Andrews did obtain electric service in 1995 and has had several concerns and objections with the defendants in the last five years and prior. Recently, defendants sent emails, texts, and a letter on Friday, May 10, 2019 to inform Tyrone Andrews his service will be terminated on Monday, May 13, 2019, which is today. Sunday, Plaintiff contacted all parties by voice recorder or by

representative to inform them of his dismay in time frame for disconnection for nonpayment. Plaintiff did send a complaint to the Utilities Commission that is a regulatory agency for the electric company who in turn canned his complaint. There were no rules on line to state how long to respond to Duke Energy's motion to dismiss; therefore, plaintiff assumed it was the normal thirty day time-frame. However, no reasonable accommodation was given. Tyrone Andrews' letter, emails, texts for disconnection within less than 24 hours, since nothing can be done on weekends, was based on his disability and defendants' refusal to provide him with reasonable modifications, such as had previously proved effective in allowing him to benefit from salvation army and the department of social services on a few occasions. Thus, defendants discriminated against Tyrone Andrews on the basis of his disabilities and, as such, violated federal and state laws guaranteeing persons with disabilities the right to integrate into the mainstream of society and be free from discrimination.

In order to prevail on the motion for a preliminary injunction, the court must consider, (1) plaintiff's likelihood of success on the merits of the claim, (2) whether the plaintiff will suffer irreparable harm, (3) the probability of substantial harm to others and (4) whether the public interest is advanced. These are not prerequisites but rather "factors to be balanced." (more or less an independent variable).

The issues presented for review in the context of this motion are clear. The court must determine whether or not the plaintiff is likely to succeed on his claim that the defendants illegally proceeded with fast tract termination of plaintiff's electric service, and that the defendants failed to maintain or provide reasonable modifications to its policies, practices and procedures to allow Tyrone Andrews to benefit from and to participate in an electrical service program operated by defendants.

STOP But incorporate the following!
I am tired of trying to act or pretray a lawyer as the federal Judges say a Plaintiff Pro Se must do.

This request for Preliminary Injunction speaks for itself. The Plaintiff was descriminated because of his desabilities by the Defendants. Plaintiff received and no individual should have, a less than twenty-four hour termination notice to disconnect his electrical service. This motion request is for the pendency of this case or when the judge in this case deems it is safe for the Plaintiff not to have electric service and that Plaintiff is free from descrimination by corporations and state regulators.

Conclusion

Considering the facts and arguments presented herein, the plaintiff has shown by brief statement "Less than 24 hrs." he is entitled to a preliminary injunction requiring the defendants to not or reconnect Tyrone Andrews' electric service and to provide the necessary modifications he requires to participate successfully in the regulatory program of electric service.

Respectfully Submitted

Tyrone Andrews

# Civil Complaint

Plaintiff, Tyrone Andrews, complaining of Defendants hereby says and alleges as follows:

That at all times mentioned herein Tyrone Andrews was a customer with Duke Energy Corporations operated by Lynn J. Good and was a resident of 1009 Fifteenth Street, Siler City, NC which is located in the County of Chatham.

That at all times Edward S. Finley, Jr. was Chairman of the North Carolina Utilities Commission that regulates Duke Energy Corporation for the State of North Carolina.

That at all times David G. McGinley was President of Grid One Solutions, LLC that contracts with Duke Energy Corporation as a electric meter reader and electric service disconnector. Also, Grid One Solutions, LLC must adhere to all rules that are required of Duke Energy Corporation in their capacity as sub contractor.

That at all times Josh Stein was Attorney General for the State of North Carolina that protects the people of

— North Carolina through its work to prevent crime and support law enforcement, to safeguard consumers, and to defend the State, its people, and their constitutional rights.

That upon information and belief the Plaintiff alleges that the Defendants are a corporation under North Carolina General Statutes 117-1 through 117-46 that has a corporate offices in North Carolina and Pennsylvania. The Defendants have done business with Tyrone Andrews for at least five years and who, at all relevant times hereto and mention herein, were duly formed corporations or governing state agency pursuant to the chapters of NC General Statutes and the Code of federal regulation pursuant to the United States of America.

That at all times mentioned herein, the Defendants were acting within the course and scope of its corporation and/or state agency and authority that deals

2

with a public utility, and all acts herein after complained of were acting under color of the laws of the State of North Carolina and the laws of the United States of America.

This complaint arises under Title III of the Americans with Disabilities Act of 1990 42 USC 12180 et.seq, Section 504 of the Rehabilitation Act of 1973, 29 USC 794, and parallel state law seeking declaratory and injunctive relief and damages. Also including Chapters 62 and 117 of the General Statutes of the State of North Carolina. Even more so, Chapter 8 Article 9 of the Rules and Regulations of the North Carolina Utilities Commission that deals with overages, charges and disconnection. Not limited to Rule 8-44.

That This Court has jurisdiction of this cause under and by virtue of Title 28 USC sections 1331 and 1333, this being an action authorized by Federal law to redress the deprivation under color of state law of rights, privileges and immunities secured to the Plaintiff by the United States Constitution.

. That each and all of the acts herein alleged were done by the Defendants, Lynn Good, Edward Finley Jr, David McGinley and Josh Stein, under color, authority and pretense of the statutes, regulations, customs and usages of the State of North Carolina and the United States of America and under the authority of the Defendants' official capacities.

That on or about the very end of April Tyrone Andrews submitted a complaint with the Utilities Commission of North Carolina against Duke Energy Corporation as it related to Non compliance to policy, procedure, and regulation of it's own company and the State of North Carolina. The Utilities Commission dismissed Mr. Andrews' complaint before it began. Mr. Andrews contacted the Attorney General's Office for North Carolina who in-turn refused to speak to Mr. Andrews and "hung-up" the telephone without any warning as it relates to cognative behavior.

4

As it relates to Grid One Solutions, LLC Mr. Andrews called and had no choice but to leave a message concerning the disconnection and a request for injunction by this Court. This company has violated the same laws as it relates to Mr. Andrews' claim, because subcontract are held responsible for all actions and rule adherance as Duke Energy Corporations. Grid One Solution chose to disconnect in the past and will desconnect in the future under the guise of following orders of Duke Energy. It is alleged that Grid One Solution used bias in their practice witch is against the law, by discriminating on the behalf of Duke Energy and in there own fashion. And because a black man took action does not mean he did not discriminate against Mr. Andrews.

That the afore-described actions and non-actions on the part of the Defendants have caused the Plaintiff to be subjected to a deprivation of his rights, privileges and Immunities secured by the Constitution of the United State and parallel state action as mentioned above.

That as a direct and proximate result of the Defendants actions as herein above alleged but not limited to, the Plaintiff has suffered over the weekend serious and permanent anguish and anxiety to include stress; that also, as direct and proximate result of the Defendant's actions herein and above, the Plaintiff has suffered and will continue to suffer emotional distress, and mental anguish; that additionally, as a direct and proximate result of the Defendant's actions as herein above alleged, the Plaintiff has not been in the care of a doctor, he has given into what life will offer.

6

Wherefore, Plaintiff prays for Judgement and costs as follows against the Defendants:

1. Grant Preliminary Injunction to not disconnect Plaintiff's electric service until the end a pendancy of this case.

2. Request Defendants from engaging in discrimination of any kind where it is to protect the United States and its' constitution. Reframe from State occassioned descrimination in any form.

3. Request that Defendants pay any cost placed by the United States of America or it's representatives.

Submitted this the 13th day of May 2019 by:

Tyrone Andrews
1009 Fifteenth Street
Siler City, NC 27344
(910) 315-9035

7