```
IN THE UNITED STATES DISTRICT COURT
  FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

TYRONE ANDREWS,              )
                             )
        Plaintiff,           )
                             )
        v.                   )        1:19cv494
                             )
LYNN J. GOOD, et al.,        )
                             )
        Defendants.          )

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1), filed in conjunction with his pro se Complaint (Docket Entry 2 at 1, 5-11) and Motion for Preliminary Injunction (id. at 2-4). The Court will grant Plaintiff's Application (Docket Entry 1) for the limited purpose of recommending dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. In addition, the Court should deny Plaintiff's Motion as moot.

## LEGAL BACKGROUND

"The federal *in forma pauperis* ['IFP'] statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with

filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing [IFP] d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the IFP statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Under this provision, a complaint falls short when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." Id.[1]

## **ANALYSIS**

Plaintiff's Complaint names "Lynn J. Good, CEO Duke Energy Corporation," "Edward S. Finley, Jr., Chairman, N.C. Utilities Commission (Division of NC Dept. Commerce)," "David G. McGinley, President, Grid One Solutions, LLC," and "Josh Stein, Attorney General for the State of North Carolina" as Defendants. (Docket Entry 2 at 1.) Plaintiff brings this action under Title III of the Americans with Disabilities Act of 1990 ["ADA"], Section 504 of the Rehabilitation Act of 1973 ["Section 504"], and "parallel state law seeking declaratory and injunctive relief and damages" (id. at 7), alleging in support that

> [Plaintiff] submitted a complaint with the Utilities Commission of North Carolina against Duke Energy Corporation as it [is] related to non[-]compliance to policy, procedure, and regulation of it[]s own company and the State of North Carolina. The Utilities Commission dismissed [Plaintiff's] Complaint before it began. [Plaintiff] contacted the Attorney General's Office for North Carolina who in[]turn refused to speak to [Plaintiff] and hung-up the telephone with out any warning as it relates to cognative [sic] behavior.

---

[1] Although the Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint).

> As it relates to Grid One Solutions, LLC, [Plaintiff] called and had no choice but to leave a message concerning the disconnection and a request for injunction by this Court. This company has violated the same laws as it relates to [Plaintiff's] claim, because subcontract [sic] are held responsible for all actions and rule adherence as Duke Energy Corporations. Grid One Solution chose to disconnect in the future under the guise of following orders of Duke Energy. It is alleged that Grid One Solution used bias in their practice witch [sic] is against the law, by discriminating on the behalf of Duke Energy and in there [sic] own fashion. And because a black man took action does not mean he did not discriminate against [Plaintiff].
>
> That the afore-described actions and non-actions on the part of [ ] Defendants have caused [ ] Plaintiff to be subjected to a deprivation of his rights, privileges, and immunities secured by the Constitution of the United State[s] and parallel state action as mentioned above.

(Id. at 8-10 (emphasis and quotation marks omitted).) In regards to his disability, Plaintiff's filings state that he "is a Marine veteran who has been diagnosed with several medical conditions including cancer" and that "[t]hese conditions affect his ability to think, associate, and consider normal routines." (Id. at 2.) Plaintiff's filings further assert that he suffers from "depression [and] abnormal responses to everyday activities." (Id.)

Plaintiff provides facts relevant to this matter in his Motion for Preliminary Injunction (id. at 2-4), to include that he "obtained electric service in 1995 and has had several concerns and objections with [ D]efendants in the last five years and prior. Recently, [D]efendants sent emails, texts, and a letter on Friday, May 10, 2019[,] to inform [Plaintiff] his service will be terminated on Monday, May 13, 2019." (Id. at 2.) Plaintiff

4

allegedly "contacted all parties . . . to inform them of his dismay in time frame for disconnection for nonpayment." (Id. at 3.) Plaintiff asserts that "no reasonable accommodation was given" and that his "letter, emails, texts for disconnection within less than 24 hours . . . w[ere] based on his disability and [D]efendants' refusal to provide him with reasonable modifications . . . . Thus [D]efendants discriminated against [Plaintiff] on the basis of his disabilities." (Id.) According to Plaintiff, "[D]efendants illegally proceeded with fast[-]tract termination of [his] electric service" and "failed to maintain or provide reasonable modifications to its policies, practices and procedures to allow [him] to benefit from and to participate in an electrical service program operated by [D]efendants." (Id.) Plaintiff maintains that "he is entitled to a preliminary injunction requiring [D]efendants to . . . reconnect [his] electric service and to provide the necessary modifications he requires to participate successfully in the regulatory program of electric service." (Id. at 4.)

For the following reasons, the Court should dismiss Plaintiff's federal claims for failure to state a claim, should decline to retain jurisdiction over his state claims, and should further deny the request for preliminary injunctive relief as moot.

### I. Section 504 Claims

As an initial matter, Plaintiff fails to state any claim under Section 504. Pursuant to Section 504, "[n]o otherwise qualified

5

individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Plaintiff has failed to allege that Defendants received federal funds (see Docket Entry 2 at 1-11) and, therefore, his Section 504 claims must fail as to all Defendants. See Burleson v. Security Props. Residential, LLC, Civ. Case No. C18-0513, 2019 WL 77435, at *4 (W.D. Wash. Jan. 2, 2019) (unpublished) (finding that the plaintiff's Section 504 claim failed because he did not allege that any of the defendants received federal funds).

## II. ADA Title III Claims

"Title III of the ADA prohibits any person who owns, leases, or operates a place of public accommodation from discriminating against an individual on the basis of that individual's disability." Amir v. St. Louis Univ., 184 F.3d 1017, 1027 (8th Cir. 1999). In that regard:

> A person alleging discrimination under Title III must show (1) that he is disabled within the meaning of the ADA, (2) that the defendant is a private entity that owns, leases, or operates a place of public accommodation, (3) that the defendant took adverse action against the plaintiff that was based upon the plaintiff's disability, and (4) that the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation.

Lewis v. Durham Wellness & Fitness Sports Clubs, Inc., Case No. 1:17CV217, 2019 WL 718548, at *3 (M.D.N.C. Feb. 20, 2019)

(unpublished) (citing Amir, 184 F.3d at 1027), recommendation adopted, 2019 WL 1573675, at *1 (M.D.N.C. Apr. 11, 2019) (unpublished). Plaintiff has not stated a claim under Title III of the ADA.

First, "Title III of the ADA only applies to prohibit discrimination by private entities, and not by public entities." Naperville Smart Meter Awareness v. Naperville, 69 F. Supp. 3d 830, 843 (N.D. Ill. 2014) (citing 42 U.S.C. §§ 12181-89) (emphasis added). See also id. (citing 42 U.S.C. § 12161(1)(A) in finding that "[t]he term 'public entity' means any State or local government"). Moreover, "the State of North Carolina is not a private entity subject to liability under Title III [of the ADA]." Green v. Monette, Case No. 4:14-CV-20, 2014 WL 3645433, at *5 (E.D.N.C. July 22, 2014) (unpublished). As such, Plaintiff's ADA claims against both Defendant Finley, in his capacity as the "Chairman of North Carolina Utilities Commission (Division of NC Dept. Commerce)" (Docket Entry 2 at 5), and Defendant Stein, in his capacity as the "Attorney General for the State of North Carolina" (id.), fail to state a claim under Title III of the ADA.

Next, "Title III of the ADA prohibits discrimination 'in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.'" Burleson, 2019 WL

7

77435 at *4 (quoting 42 U.S.C. § 12182(a)). To qualify as a "public accommodation," "the operations of [a private] entit[y must] affect commerce" 42 U.S.C. § 12181(7), and perform certain activities, (see id.), none of which match the entities which employ Defendants. Here, Plaintiff's claim under Title III of the ADA "is based on the mistaken assumption that [Defendants Good and McGinley (or the entities for whom they work)] are a public accommodation . . . . Because the underlying assumption is wrong, [P]laintiff's [Title III of the] ADA claim fails [against Defendants Good and McGinley] as a matter of law." Burleson, 2019 WL 77435 at *5.

Even assuming that the entities which employ Defendants qualified as private entities "that own[ed], lease[d], or operate[d] a place of public accommodation," Amir, 184 F.3d at 1027, Plaintiff's ADA claims would still fail because the allegations evolved from a billing dispute with his electric service company. "The ADA encompasses discrimination in employment[,] . . . public services . . . and public accommodations and services operated by private entities . . . . The issues presented here, involving a customer and utility provider engaged in a billing dispute, do[] not fall within the provisions of the ADA." Greene v. Baltimore Gas & Elec. Co., Civ. Case. No. 04-1867, 2004 WL 3619617, at *1 (D. Md. June 18, 2004) (unpublished), aff'd, 104 F. App'x 353 (4th Cir. 2004).

8

"The [C]ourt understands that there are family hardships, financial and personal, when a [person] becomes disabled." Gorsline v. State of Kansas, Civ. Case No. 93-4254, 1994 WL 191960, at *1 (D. Kan. Apr. 25, 1994) (unpublished). However, "the ADA prohibits discrimination on the basis of disability, not income." Id. In that regard, "[i]f [ ] [P]laintiff's assumed premise was a viable theory, then a disabled person could use the ADA to challenge almost any liability . . . . Neither the terms of the ADA nor its legislative history supports such a sweeping application." Id. at *2.

In sum, the Court should dismiss the Title III ADA claims against Defendants for failure to state a claim.

### III. State-Law Claims

As a final matter, given the dismissal of the Complaint's federal claims, the Court should also dismiss any related state-law claims (e.g., "parallel state law [claims]" (Docket Entry 2 at 7)). Federal courts "have original jurisdiction of all civil actions arising under the Constitution [and] laws . . . of the United States." 28 U.S.C. § 1331.[2] "[I]n any civil action of which the

---

[2] Federal courts also maintain "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Under Section 1332(a), original "jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis in original). In these cases, the Complaint asserts that Plaintiff and at least one defendant qualify as citizens of North

9

[federal] courts have original jurisdiction, the [federal] courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Nevertheless, a federal court "may decline to exercise supplemental jurisdiction over a claim," 28 U.S.C. § 1367(c), if it dismisses "all claims over which [it] has original jurisdiction," 28 U.S.C. § 1367(c)(3).

Here, as discussed above, Plaintiff's federal claims warrant dismissal under Section 1915(e)(2). The Court thus may appropriately decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. See Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) (explaining that, pursuant to Section 1367(c)(3), "a [federal] court has discretion to dismiss or keep a case when it 'has dismissed all claims over which it has original jurisdiction,'" and that "[t]here are *no* situations wherein a federal court *must* retain jurisdiction over a state law claim, which would not by itself support jurisdiction" (emphasis in original)).

---

Carolina (Docket Entry 2 at 1), thus precluding original jurisdiction over these actions under Section 1332(a). Moreover, the Complaint does not purport to invoke diversity jurisdiction. (See id. at 7 (asserting "[t]hat [t]his Court has jurisdiction of this ca[se] under . . . [S]ections 1331 and 1333")). Accordingly, federal question jurisdiction provides the only source of the Court's original jurisdiction over these matters.

**CONCLUSION**

Plaintiff has demonstrated eligibility for proceeding in forma pauperis; however, the Court should dismiss his Complaint under Section 1915(e)(2)(B)(ii) for failure to state a claim and should decline to exercise supplemental jurisdiction over the state claims in the Complaint under Section 1367(c).

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed <u>In Forma Pauperis</u> (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that the federal claims in this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and the state claims in this action be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (Docket Entry 2 at 2-4) be denied as moot.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

November 4, 2019